# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKAL JONES, et al., | Case No. 1:17-cv-1260-SKO |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT** |
| v. | |
| | (Doc. 17) |
| COUNTY OF TULARE, CALIFORNIA, et al., | |
| Defendants. | |

## I. INTRODUCTION

On October 15, 2018, Plaintiffs Mikal Jones and Angela Anderson ("Plaintiffs") filed a motion to amend the complaint (Doc. 17), seeking leave to file a first amended complaint. Defendants County of Tulare, Tulare County Sheriff Michael Boudreaux, and Tulare County Deputy Sheriff Michael Torres ("Defendants") filed an opposition brief on November 5, 2018 (Doc. 21), and Plaintiffs filed a reply brief on November 19, 2018. The Court has reviewed the

parties' papers and all supporting material and finds the matter suitable for decision without oral argument pursuant to Rule 230(g) of the U.S. District Court for the Eastern District of California's Local Rules. The hearing set for December 5, 2018, is therefore, VACATED. For the reasons set forth below, Plaintiffs' motion to amend the complaint is DENIED.

## II. BACKGROUND

Plaintiffs filed their complaint on September 17, 2017, against Defendants seeking damages and injunctive relief under 28 U.S.C. § 1983. (Doc. 1.) The complaint alleges three causes of action: 1) Deprivation of Plaintiffs' Right to Property Without Due Process of Law, 2) Interference with the Exercise or Enjoyment of Civil Rights, and 3) Trespass to Land Used or Intended to be Used to Raise Livestock. (Doc. 1 ¶¶ 22–44.) According to Plaintiffs' complaint, Plaintiffs are the lessors and exclusive occupants[1] of certain real property in Tulare County, California, and the Pleasant Valley Canal Company ("PVCC") has a license to cross that property to maintain a canal on the property pursuant to a judgment of the Tulare County Superior Court entered June 18, 2013. (Doc. 1 ¶¶ 1–6.) Plaintiffs allege that on May 13, 2017, Defendants violated Plaintiffs' due process rights by unlawfully demanding Plaintiffs permit PVCC to cross Plaintiffs' property through a locked gate after Plaintiffs represented to Defendant Torres that there were other, less disruptive routes for PVCC to access the canal on Plaintiffs' property. (Doc. 1 ¶¶ 15–26.) Additionally, in denying Plaintiffs their right to exclude PVCC and Defendant Torres from entering their property through the locked gate, Plaintiffs allege Defendants interfered with Plaintiffs' Constitutional rights by threat, intimidation or coercion, in violation of California's Bane Act, California Civil Code section 52.1. (Doc. 1 ¶¶ 30–33.) Plaintiffs also allege Defendant Torres trespassed on Plaintiffs' property when he entered Plaintiffs' property and escorted PVCC to the canal through the locked gate. (Doc. 1 ¶¶ 39–40.)

On January 22, 2018, the Court entered its Scheduling Order in accordance with Rule 16 of the Federal Rules of Civil Procedure ("Rule 16").[2] (Doc. 13.) The Scheduling Order set forth the

---

[1] The complaint specifically alleges Plaintiff Jones is the successor trustee to a trust that owns all shares in a corporation that leases the property to Plaintiffs. (Doc. 1 ¶¶ 1–5.) The Court refers to Plaintiffs jointly as the owners of the property for simplicity.

[2] The Scheduling Order in this matter was entered by former Magistrate Judge Michael J. Seng. Due to Judge Seng's retirement, the case was reassigned to the undersigned on April 19, 2018. (Doc. 14.)

1  pertinent discovery deadlines, dispositive and non-dispositive motion deadlines, and the pretrial
2  conference and trial dates. However, the Scheduling Order did not establish a deadline for
3  amending the pleadings. Instead, the section in the Scheduling Order under the heading "Pleading
4  Amendment Deadline" provides in full: "No amendments to pleadings are anticipated." (Doc. 13
5  at 2.) The Scheduling Order also directs the parties to advise the Court of any action in two related
6  cases in Tulare County Superior Court that either party "perceived . . . as potentially affecting this
7  action" within three days of the potentially significant action.[3] (Doc. 13 at 6–7.)

8     On October 15, 2018, Defendants filed a motion for summary judgment and noticed the
9  motion for hearing on December 5, 2018. (Doc. 16.) Also on October 15, 2018, Plaintiffs filed
10 the instant motion to amend the complaint and noticed the motion for hearing on December 5,
11 2018. (Doc. 17.) In view of the parties' filings, the Court set a telephonic conference for October
12 18, 2018. (Doc. 18.) Following the telephonic conference, the Court issued an order amending the
13 Scheduling Order by setting a deadline for amending the pleadings, and continuing the dispositive
14 motions deadline as well as the trial and pretrial conference dates. (Doc. 19.) The Court also set a
15 briefing schedule for Plaintiffs' motion to amend the complaint and vacated the hearing on
16 Defendants' motion for summary judgment in light of Plaintiffs' pending motion to amend the
17 complaint. (Doc. 19 at 2.)

18     Plaintiffs' motion to amend the complaint seeks to add six[4] further incidents where
19 Defendants allegedly engaged in "identical" conduct in violation of Plaintiffs' rights guaranteed by
20 the U.S. and California constitutions and laws. (Doc. 17-2 at 3.) The additional incidents allegedly
21 occurred on September 16, 2017; September 18, 2017; October 9, 2017; November 11, 2017;
22 December 2, 2017; and December 12, 2017. (Doc. 17, Ex. A ¶¶ 19, 25.)

---

[3] Both parties spend a substantial portion of their briefs arguing whether Plaintiffs acted in bad faith by failing to provide certain updates regarding these two related matters. (*See* Doc. 21 at 18–20 and Doc. 23 at 6–9.) However, the Court notes the Scheduling Order orders *both* parties to update the Court on potentially significant developments and neither party provided any updates until Defendants' brief in opposition to Plaintiffs' motion to amend the complaint. In view of both parties' failure to provide any updates within three days of the state court's actions, the Court declines to make any findings with respect to whether either party violated this provision of the Scheduling Order.

[4] The Court notes Plaintiffs seek to allege five additional incidents where Defendants told Plaintiffs they were interfering with a Tulare County Superior Court Order by locking the gate (*see* Doc. 17, Ex. A ¶ 25), and the same five incidents where Defendants made verbal threats of violence to Plaintiffs if they did not unlock the gate, with an additional sixth incident that included verbal threats occurring on September 16, 2017 (*see* Doc. 17, Ex. A ¶ 19).

3

## III. DISCUSSION

**A.  Legal Standards**

    **1.  Standard for Amending the Pleadings Under Rule 16(b)**

Rule 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(1)–(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citation and quotation marks omitted).

"[T]o demonstrate diligence under Rule 16's 'good cause' standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order[.]" *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). "If [the] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. If the Court finds that there is good cause to modify the schedule, the Court then turns to Rule 15(a) to determine whether the amendment sought should be granted. *Jackson*, 186 F.R.D. at 607 ("As the Ninth Circuit explained in [*Johnson*], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

    **2.  Standard for Amendment Under Federal Rule of Civil Procedure 15(a)**

Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") provides that a party may amend

its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(1)–(2). The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). "The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading." *Beecham v. City of W. Sacramento*, No. 2:07–cv–01115–JAM–EFB, 2008 WL 3928231, at *1 (E.D. Cal. Aug. 25, 2008) (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). Of these factors, "prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

**B.    Analysis**

**1.    Rule 16(b)(4) Governs Plaintiffs' Motion to Amend the Complaint.**

Although the Court's Scheduling Order does not set a specific deadline for amending the complaint, Plaintiffs' motion to amend the complaint is governed by Rule 16(b)(4) because granting Plaintiffs leave to amend the complaint would require amending other dates in the Scheduling Order.[5] "Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings." *Hansen v. Schubert*, 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2006) (citing *Johnson*, 975 F.2d at 607–08). Even

---

[5] While Plaintiffs only sought leave to amend the complaint and did not specifically request that the Court modify the Scheduling Order, the Court exercises its discretion to construe Plaintiffs' motion as a request to modify the Scheduling Order. *Orozco v. Midland Credit Mgmt. Inc.*, No. 2:12–cv–02585–KJM, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013) ("[T]he court exercises its discretion to construe the instant motion [to amend the complaint] as one to amend the scheduling order."); *see also Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10cv0541–LAB (WVG), 2012 WL 175411, at *1 n. 1 (S.D. Cal. Jan. 2012) (finding that the Ninth Circuit's decision in *Johnson v. Mammoth Recreations* permits "construing a motion to amend a pleading under Rule 15 as a motion to modify a scheduling order under Rule 16").

5

where a party files a motion to amend the complaint before the deadline or no deadline is set for amending the complaint in the scheduling order, the motion is governed by Rule 16 if granting the motion would require modification of the scheduling order. *Bever v. CitiMortgage, Inc.*, No. 1:11–cv–01584–AWI–SKO, 2014 WL 1577250, at *8 (E.D. Cal. Apr. 18, 2014), *aff'd*, 708 Fed. Appx. 341 (9th Cir. 2017) (applying the good cause standard in Rule 16 to the plaintiff's request to amend his complaint, even though the request would be considered timely under the scheduling order because "the broad scope of the requested amendment would nonetheless require extensive modification to the existing schedule"); *Paz v. City of Aberdeen*, No. C13–5104 RJB, 2013 WL 6163016, at *3 (W.D. Wash. Nov. 25, 2013) (holding that an amendment to the complaint, which would necessarily require modification to the scheduling order, is governed by the good cause standard, even though the court had not set a deadline to amend the pleadings).

Here, the Court has entered a Scheduling Order, which set a July 18, 2018 deadline for non-expert discovery and September 14, 2018 for expert discovery. (Doc. 13 at 1.) Those deadlines passed over a month before Plaintiffs filed their motion to amend the complaint and discovery would necessarily need to be reopened to allow Defendants to conduct discovery regarding the six additional incidents in the proposed amended complaint. In fact, Plaintiffs expressly acknowledge in their reply brief that "[s]hould the court grant the motion for leave to file an amended/supplemental claim, the schedule in this case would have to be amended and discovery re-opened." (Doc. 23 at 6.) Discovery is closed and a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610. Accordingly, Rule 16 governs Plaintiffs' motion to amend the complaint and the motion will only be granted to the extent Plaintiffs can show good cause for permitting the amendment.

**2. Plaintiffs Have Not Established Good Cause to Modify the Scheduling Order Under Rule 16(b).**

To demonstrate good cause, Plaintiffs must show that they were diligent in assisting the Court in creating a workable Scheduling Order, diligent in complying with the Scheduling Order, and diligent in seeking amendment of the Scheduling Order. *See Jackson,* 186 F.R.D. at 607. "If

a party anticipates an amendment to the pleadings, it is obliged to alert the court to the nature of the possible amendment and its probable timing so that the court may structure the schedule of other tasks in the context of the whole litigation." *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 2:12–cv–02182–KJM, 2015 WL 4910468, at *4 (E.D. Cal. Aug. 17, 2015); *see also Jackson*, 186 F.R.D. at 608 ("Parties anticipating possible amendments to their pleadings have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the nature and timing of such anticipated amendments[.]") (quoting *Veranda Beach Club Ltd. P'ship v. W. Sur. Co.*, 936 F.2d 1364, 1371 (1st Cir. 1991)).

Here, Plaintiffs have failed to show they were diligent in seeking amendment of the Scheduling Order or alerting the Court of possible amendments to the pleadings. The Court did not set a deadline for amending the pleadings because the parties expressly represented in their Joint Scheduling Report to the Court that no pleadings were anticipated. (Doc. 11 at 3 ("The parties do not anticipate any amendment to the pleadings.").) The absence of a specific deadline, however, does not relieve Plaintiffs of their obligation to diligently assist the Court in creating a workable scheduling order and alert the Court of possible amendments to the pleadings. It appears Plaintiffs first considered adding the six additional incidents to the complaint in late 2017, but Plaintiffs decided "it may be easier to prove our case against [Defendants] in an action in Tulare County Superior Court . . . against [PVCC]" for violation of the terms and conditions of PVCC's license to cross Plaintiffs' property. (Doc. 23-1, Declaration of William Romaine in Support of Reply Brief ("Romaine Decl."), ¶¶ 3–4.) Instead of acknowledging the possibility that they may seek to amend the complaint depending on how the state court action proceeded, Plaintiffs represented to the Court that no amendments were anticipated and failed to bring the possibility to the Court's attention when it issued a Scheduling Order without a deadline for amending the pleadings.

Plaintiffs again discussed the possibility of amending the complaint after Tulare County Superior Court denied Plaintiffs' claims for trespassing against PVCC. (Romaine Decl. ¶ 8.) Plaintiffs do not specify the timing of this ruling, but it appears the Tulare County Superior Court adopted its tentative ruling finding PVCC did not exceed the scope of its license on February 21, 2018, and overruled Plaintiffs' objections to the ruling on May 10, 2018. (*See* Doc. 21-1,

1  Declaration of Amy Myers in Support of Opposition Brief, ¶¶ 7–8.)  Regardless of when the state

2  court denied Plaintiffs' claims for trespassing, Plaintiffs never informed the Court that they were

3  again considering the possibility of amending the complaint.

4        Plaintiffs decided that they would amend their complaint to add the six additional incidents

5  in late July 2018.  (Romaine Decl. ¶ 9.)  Despite the clear reversal of their position from six months

6  prior when they informed the Court that no amendments were anticipated, Plaintiffs still did not

7  notify the Court of their intent to amend the complaint at that time.  After contacting Defendants

8  in August and learning that Defendants were planning to file a motion for summary judgment,

9  Plaintiffs' counsel "decided it would be best if [he] saw defendants [*sic*] motion for summary

10 judgment before actually filing [his] clients' motion to amend the complaint" because he "believed

11 that there may be some merit in making [his] clients' motion for leave to amend an option in

12 opposition to defendants' motion for summary judgment."  (Romaine Decl. ¶¶ 10–11.)  In other

13 words, Plaintiffs decided to amend the complaint in July 2018, but instead of notifying the Court

14 so the Court could effectively manage the case schedule, Plaintiffs decided to wait and potentially

15 include the motion as part of their response to the motion for summary judgment.  Plaintiffs

16 ultimately did not give the Court any notice that they intended to amend their complaint and filed

17 the instant motion to amend their complaint nine hours after Defendants filed their motion for

18 summary judgment.  (*See* Romaine Decl. ¶ 12.)

19       Plaintiffs' motion to amend the complaint fails to explain why there is good cause to modify

20 the Scheduling Order or why October 15, 2018, was the earliest Plaintiffs could inform the Court

21 of the proposed amendments to pleadings.[6]  In their reply brief, Plaintiffs also do not expressly

22 contend there is good cause to modify the Scheduling Order, but instead, assert that their

23 amendments are proper because they could not amend the complaint to include the state law claims

24 with respect to the six additional incidents until they complied with the California Tort Claims Act.

---

[6] Despite Plaintiffs' confirmation that amending the complaint would require the Court to amend the Scheduling Order, Plaintiffs' motion to amend the complaint presumes that their motion should be analyzed under Rule 15.  As a result, instead of arguing that good cause exists to permit the amendment, Plaintiffs' five-page motion argues that leave to amend should be granted liberally and no good cause exists for denying the motion.  (*See* Doc.17-2 at 3–5 (providing a single heading under the Discussion section titled "The Court Should Grant Leave to Amend Liberally Where Justice Dictates and No Good Reason for Denial Exists").

1   Specifically, Plaintiffs contend they could not file the state law claims until Defendants acted on
2   the claims and Plaintiffs did not receive notice that Defendants rejected the claims until October
3   29, 2018.[7] (Doc. 23 at 5–6.) However, Plaintiffs claims were deemed rejected on April 22, 2018,
4   after Defendants failed to act within the forty-five (45) days of Plaintiffs filing the claims on March
5   8, 2018. Cal. Gov't Code § 912.4(c); *Isaacson v. City of Oakland*, 263 Cal. App. 2d 414, 420
6   (1968) ("[I]n the absence of a written agreement extending the time to act on a claim or an amended
7   claim ([Cal. Gov't Code §] 912.4), the period of the statute of limitations ([Cal. Gov't Code §]
8   945.6) commences not later than 45 days after the filing of the claim."). Moreover, Plaintiffs were
9   still under a continuing obligation to notify the Court of potential amendments to their complaint.
10  To the extent Plaintiffs were waiting for Defendants to reject their claims before seeking to amend
11  the complaint, Plaintiffs did not inform the Court or Defendants that they intended to amend the
12  complaint when they filed their claims under the California Tort Claims Act on March 8, 2018,
13  when their claims were deemed rejected on April 22, 2018, or at any point before they filed their
14  motion on October 15, 2018.

15      In sum, although only one of the incidents Plaintiffs seek to add to the complaint occurred
16  prior to filing their complaint, all six incidents occurred prior to the scheduling conference—when
17  Plaintiffs represented to the Court that no amendments to the complaint were anticipated. Plaintiffs
18  had numerous opportunities to inform the Court that they were anticipating amending the
19  complaint, but instead of notifying the Court that they had changed their position on amending the
20  complaint, Plaintiffs allowed the discovery deadlines to expire while Defendants prepared and filed
21  a motion for summary judgment. Accordingly, Plaintiffs were not diligent in seeking amendment
22  of the Scheduling Order or alerting the Court that they planned to amend the complaint, and thus,
23  Plaintiffs have failed to show good cause for granting leave to amend the Scheduling Order.

24      **3. Amendment is Not Appropriate Under Rule 15.**

25      Even if Plaintiffs were able to establish good cause for amending the Scheduling Order,
26  Plaintiffs still must demonstrate that an amendment of the complaint would be proper under Rule

---

[7] Plaintiffs contend they filed the California Tort Claims Act action on March 8, 2018, and Defendants had forty-five (45) days to act on the claims (i.e., until April 22, 2018), but Plaintiffs did not receive notice until October 29, 2018, because Defendants allegedly mailed the notice of rejection to the incorrect address. (Doc. 23 at 5.)

9

15. *United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395 (E.D. Cal. 2018) ("If good cause exists, the party next must satisfy Rule 15(a).") (citing *Johnson*, 975 F.2d at 608). Courts are to consider the following factors when determining whether or not granting leave is proper: undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the opposing party, and futility of amendment. *Forman*, 371 U.S. at 182 (1962). Prejudice to the opposing party is the most important factor, and absent prejudice, or a strong showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a). *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. *DCD Programs*, 833 F.2d at 186.

Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. *Jackson*, 902 F.2d at 1388. Here, Plaintiffs seek leave to amend their complaint to add six incidents where Defendants allegedly infringed on Plaintiffs' rights. One of the six incidents occurred on September 16, 2017, before Plaintiffs filed their complaint on September 17, 2017. The other incidents occurred on September 18, 2017; October 9, 2017; November 11, 2017; December 2, 2017; and December 12, 2017—all of which are before the Court's January 18, 2018 Mandatory Scheduling Conference where Plaintiffs represented that no amendments to the complaint were anticipated despite full knowledge of all these incidents. As set forth above, Plaintiffs repeatedly delayed seeking to amend their complaint without justification, and therefore, Plaintiffs' delay in alleging these facts weighs against permitting amendment.

The second factor is the potential prejudice to Defendants. Courts have found prejudice to the opposing party where the motion to amend the complaint is filed near the close of discovery or when there is a pending motion for summary judgment, and the proposed amendments would require additional discovery. *See, e.g.*, *Lockheed Martin Corp.*, 194 F.3d at 986 (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the denial of leave to amend where the motion

was made "on the eve of the discovery deadline" and "[a]llowing the motion would have required re-opening discovery, thus delaying the proceedings"); *Sclacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991), *abrogated by Cramer v. Consol Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001) ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave.").

Here, Plaintiffs acknowledge that if their motion to amend the complaint is granted, discovery would have to re-opened to allow Defendants to conduct discovery regarding the additional incidents. (Doc. 23 at 6.) Moreover, Defendants contend they invested substantial time preparing a motion for summary judgment based on Plaintiffs' original complaint and would be prejudiced by being required to file a new motion that addresses the six additional incidents. (Doc. 21 at 5.) While Plaintiffs contend there can be no prejudice because the incidents are identical and could be brought as an entirely separate complaint in a new lawsuit, the Court will not speculate as to how Defendants may respond to hypothetical lawsuits. It is undisputed, however, that the Court would have to re-open discovery if Plaintiffs' motion to amend the complaint is granted and that fact alone is sufficient to establish prejudice in the dispute before this Court. Accordingly, the prejudice to Defendants weighs against permitting amendment.

In light of the Court finding that Plaintiffs' undue delay and the prejudice to Defendants weigh against permitting Plaintiffs to amend the complaint, the Court declines to address whether Plaintiffs' motion was in bad faith or futile. *Solomon*, 151 F.3d at 1139 (finding that the district court did not abuse its discretion in denying leave to amend based on undue delay and prejudice since the motion, made on the eve of the discovery deadline, would have required re-opening discovery and delaying the proceedings); *see also e.g.*, *Paz*, 2013 WL 6163016, at *5 (finding no bad faith and noting there was no need to determine whether the plaintiff's proposed amendments were futile because the plaintiff failed to show good cause under Rule 16 and the delay and prejudice factors weighed against amendment under Rule 15).

### IV. CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to amend the complaint (Doc. 17) is DENIED;

2. In view of the settlement conference set for February 7, 2019, and the dispositive motion hearing deadline set for March 6, 2019 (*see* Doc. 19), the Court SETS the hearing for Defendants' motion for summary judgment (Doc. 16) for March 6, 2019, at 9:30 a.m. in the courtroom of the undersigned; and

3. Any opposition to Defendants' motion for summary judgment SHALL be filed by February 20, 2019, and any reply SHALL be filed by February 27, 2019.

IT IS SO ORDERED.

Dated: **November 30, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE