# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKAL JONES, et al., | Case No. 1:17-cv-01260-SKO |
| Plaintiffs, | |
| v. | **ORDER STAYING CASE** |
| COUNTY OF TULARE, CALIFORNIA, et al., | |
| Defendants. | |

## **INTRODUCTION**

On March 6, 2019, the Court held a hearing on Defendants' "Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment" (the "Motion"). (Doc. 16.) Amy Myers, Esq. appeared on behalf of Defendants, and William Romaine, Esq. appeared on behalf of Plaintiffs. For the following reasons, and as set forth on the record at the hearing, the Court STAYS the case pending resolution of the case *Dilday et al. v. Jones et al.*, Case No. F077682, currently on appeal before the California Fifth District Court of Appeal (the "State Court Appeal Action").

## **LEGAL STANDARD**

"[A] federal court may stay its proceedings in deference to pending state proceedings." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989). In doing so, the court considers the following factors:

(1) whether either court has assumed jurisdiction over a res;

(2) the relative convenience of the forums;

(3) the desirability of avoiding piecemeal litigation;

(4) the order in which the forums obtained jurisdiction;

(5) whether state or federal law controls; and

(6) whether the state proceeding is adequate to protect the parties' rights.

*Id.* "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011). Courts also consider the degree to which the state and federal actions are "'substantially similar.'" *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368, 1372 (9th Cir. 1990) (quoting *Nakash*, 882 F.2d at 1416 (finding that "[i]t is enough if the two proceedings [be] 'substantially similar'" and that "exact parallelism . . . is not required")).

## **ANALYSIS**

Here, the Court finds the factors set forth above support a stay of this case.

At the hearing, the Court noted that the issues in this case are "substantially similar" to the issues in the State Court Appeal Action and informed the parties that the Court was inclined to stay the case pending the resolution of the State Court Appeal Action. Both parties confirmed on the record that they had no objection to staying the case to allow for a decision in the State Court Appeal Action. Given the "desirability of avoiding piecemeal litigation" and controlling issues of state law at issue in this case, the Court finds a stay of this case pending resolution of the State Court Appeal Action is appropriate.

## **CONCLUSION AND ORDER**

Accordingly, the Court STAYS this case pending the resolution of the State Court Appeal Action. In view of the stay, the Court hereby DEFERS ruling on Defendants' Motion until after resolution of the State Court Appeal Action and VACATES all remaining hearings and deadlines including the pretrial conference and trial dates.

The Court further ORDERS that by no later than the *earlier of* September 6, 2019, or five days following the issuance of the State Court Appeal Action ruling, the parties SHALL file a joint status report (1) apprising the Court of the status of the State Court Appeal Action, and (2) proposing pretrial conference and trial dates for the Court's consideration, if appropriate.

IT IS SO ORDERED.

Dated: **March 6, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE