# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKAL JONES and ANGELA ANDERSON<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF TULARE, CALIFORNIA, et al.,<br><br>Defendants.<br>_____/ | Case No.  1:17-cv-1260-SKO<br><br>**ORDER STAYING AND HOLDING IN ABEYANCE BILL OF COSTS AND MOTION FOR ATTORNEY'S FEES AND VACATING MOTION HEARING**<br><br>(Docs. 111 & 112) |

Before the Court are Defendant County of Tulare's Bill of Costs and Defendants County of Tulare's and Tulare County Deputy Sheriff Michael Torres' Motion for Attorney's Fees.  (Docs. 111 & 112.)  For the reasons set forth below, the Court STAYS AND HOLDS IN ABEYANCE the Bill of Costs and the Motion for Attorney's Fees pending the resolution of Plaintiffs' appeal from the final judgment entered in this action.

**I.     BACKGROUND**

On July 8, 2024, the Court entered judgment in accordance with the jury verdict rendered July 3, 2024.  (Doc. 110.)  On July 17, 2024, Defendant County of Tulare timely filed their Bill of Cost.  (Doc. 111.)  *See* E.D. Cal. L.R. 292(b) ("Within fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924.").  No objections to the Bill of Costs were filed. *See id*. 292(c) ("The party against whom costs are claimed may, within seven (7) days from date of service, file specific objections to claimed items with a statement of grounds for objection.").

On July 30, 2024, Defendants County of Tulare and Tulare County Deputy Sheriff Michael Torres timely filed their Motion for Attorney's Fees (Doc. 112), requesting a fee award of $101,002.40. *See id*. 293(a) ("Motions for awards of attorneys' fees to prevailing parties pursuant to statute shall be filed not later than twenty-eight (28) days after entry of final judgment.") Defendants contend that the action was "frivolous" and therefore they are entitled to attorney's fees under 42 U.S.C. § 1988.

Plaintiffs timely filed a Notice of Appeal on August 2, 2024 (Doc. 113), notifying the Court of its appeal to the Ninth Circuit from the Court's entry of the final judgment. *See* Fed. R. App. P. 4(a)(4)(A) ("In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."); *see also* E.D. Cal. Local R. 146.

## II.     DISCUSSION

Although an appeal from the merits of a final judgment does not foreclose a district court from awarding attorney's fees, the district court may, in its discretion, "rule on the claim for fees, [] defer its ruling on the motion, or [] deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment; *see also Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) (citing *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445 (1982)) (holding that district court retains jurisdiction to rule on attorney's fees motions), *superseded on other grounds by rule*, Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment. *See also* Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment ("Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved."). This Court has held that the reasoning of the advisory committee's note to the 1993 Amendment to Fed. R. Civ. P. 54 is "applicable to a ruling on a bill of costs." *Lasic v. Moreno*, No. 2:05-cv-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007). *See also In re: Fresh & Process Potatoes Antitrust Litig.,* No. 4:10-MD-2186-BLW, 2016 WL 3919830, at *2 (D. Idaho July 18, 2016) ("[O]ther district courts within the Ninth Circuit have

routinely applied this committee note to both claims for fees and claims for costs."); *Tranxition, Inc. v. Novell, Inc.*, No. 3:12-cv-01404-HZ, 2015 WL 7195337, at *1 (D. Or. Nov. 16, 2015) ("The Advisory Committee Notes to Rule 54(d) give the trial court the discretion to defer an award of fees pending an appeal, and district courts have inferred from that Note the authority to defer an award of costs in the same manner."); *Apple Inc. v. Samsung Elecs. Co.*, Case No. 11–CV–01846–LHK, 2014 WL 4745933, *4 (N.D. Cal. Sept. 19, 2014) ("[T]he Court acknowledges that it has the discretion to defer a decision on costs pending resolution of Samsung's appeal . . ..").

Here, the Court finds it most prudent to defer ruling on the requests for costs and attorney's fees until Plaintiffs' appeal is resolved. The outcome of the appeal could affect the Court's determination of whether the action was "frivolous," and therefore the amount of costs and fees to which Defendants may be entitled under 42 U.S.C. §1988.  To make such determinations now would not only be premature, but it would also waste judicial resources.  *See In re Farmers Ins. Exchange Claims Representative Overtime Pay Litig.*, MDL No. 33–1439(A), 2009 WL 3834034, at *3 (D. Or. Nov. 13, 2009) (deferring, "in the interests of judicial efficiency," consideration of attorney's fees motion until issuance of mandate from Ninth Circuit and observing that "the issues on appeal and cross-appeal in this case . . . carry a significant potential that the Ninth Circuit's disposition may greatly affect my consideration of plaintiffs' motions for attorney fees and costs."); *Lasic*, 2007 WL 4180655, at *1  (deferring ruling on motion for bill of costs pending outcome of appeal because, "in the interests of judicial economy . . . it would be a[n] inefficient use of judicial resources to rule on the Bill of Costs at this time, and then to later re-evaluate the issue after the appeal is completed").

As the Court finds that Defendant County of Tulare's Bill of Costs and Defendants' Motion for Attorney's Fees are best adjudicated following a resolution of Plaintiffs' appeal, it defers ruling on those matters until the appeal is resolved. *See*, *e.g.*, *Dufour v. Allen*, Case No. 2:14-cv-5616 CAS (SSx), 2015 WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015) (finding, after "distributing a lengthy tentative order" and hearing oral argument, that "the best course of action is to defer ruling on the [motions for attorney's fees] until the resolution of [the plaintiff's] appeal"); *Harrell v. George*, No. 2:11-cv-00253-MCE-DAD-PS, 2012 WL 5906659, at *1 (E.D. Cal. Nov. 26, 2012)

(deferring attorney's fees motion by defendant who prevailed on successful motion to strike pending appeal before the Ninth Circuit); *Sovereign Gen. Ins. Servs., Inc. v. Scottsdale Ins. Co.*, No. 2:05-cv-00389-MCE-DAD, 2008 WL 5381813, at *1 (E.D. Cal. Dec. 23, 2008) (denying motion for attorney's fees without prejudice to renewal following disposition of the matter on appeal); *Flores v. Emerich & Fike*, No. 1:05-CV-0291 OWW DLB, 2007 WL 963282, at *7 (E.D. Cal. Mar. 29, 2007) (same); *Lasic*, 2007 WL 4180655, at *1.

### III.    CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant County of Tulare's Bill of Costs (Doc. 111) is STAYED AND HELD IN ABEYANCE pending the resolution of the appeal currently pending before the Ninth Circuit;

2. Defendants County of Tulare's and Tulare County Deputy Sheriff Michael Torres' Motion for Attorney's Fees (Doc. 112) is STAYED AND HELD IN ABEYANCE pending the resolution of the appeal currently pending before the Ninth Circuit. For administrative purposes, the Motion shall be TERMINATED, but it may be reactivated at Defendants' request upon the lifting of the stay once the Ninth Circuit has issued its decision; and

3. The hearing currently set for September 4, 2024, before the undersigned is hereby VACATED.

IT IS SO ORDERED.

Dated:    **August 5, 2024**              /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE